IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHELLE R. WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 09-3049-CV-S-GAF |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

Plaintiff, Michelle R. Williams, filed two applications under the Social Security Act (the Act). The first is an application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401, *et seq*. The second is an application for supplemental security income (SSI) benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq*. Both application were denied initially. On January 29, 2008, following a hearing on February 2, 2007, an administrative law judge (ALJ) rendered a decision in which he found that Plaintiff was not under a "disability" as defined in the Social Security Act at any time through the date of the decision. On January 23, 2009, after consideration of additional evidence, the Appeals Council of the Social Security Administration denied Plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner subject to review herein.

To establish entitlement to disability benefits, a claimant has the burden of proving disability by showing that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. *See* 42 U.S.C. §§ 416(I), 423(d)(1)(A) and 1382c(a)(3)(A). The Supreme Court in *Barnhart v. Walton*, 535 U.S. 212 (2002), upheld the Commissioner's

interpretation of this statutory definition that requires the disability, and not only the impairment, must have existed or be expected to exist for 12 months.

The standard of review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Brown v. Barnhart*, 390 F.3d 535, 538 (8th Cir. 2004). Substantial evidence is evidence that reasonable minds would accept as adequate to support the Commissioner's conclusion. *Id.* Evidence that both supports and detracts from the Commissioner's decision should be considered, however, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *Id.* If, after reviewing the record, the Court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision of the Commissioner. *See Hartfield v. Barnhart*, 384 F.3d 986, 988 (8th Cir. 2004). The Eighth Circuit defers "heavily to the findings and conclusions of the SSA." *See Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

The ALJ determined that from July 21, 2005 through October 31, 2006, Plaintiff had the RFC to perform sedentary work except her impairments precluded prolonged walking, standing, adhering to work schedules or maintaining productivity required to perform competitive work activity on a full-time and sustained basis. Plaintiff, recovering from back surgery, had decreased concentration and attention span due to her aches, pain, and discomfort. The ALJ found that during this period, considering Plaintiff's age, education, work experience, and RFC,

there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed and that she was disabled.[1]

The ALJ went through the process for determining whether Plaintiff's disability continued through the date of the decision, and found that after October 31, 2006, medical improvement occurred. Therefore, Plaintiff's disability ended on that date. Medical improvement is the decrease in medical severity of the impairments as established by improvement in symptoms, signs, and/or laboratory findings. 20 C.F.R. §§ 404.1594(b)(1) and 416.954(b)(1)(I). The ALJ determined that medical improvement occurred in October 2006, six months post-operatively. Treating physician Dr. Burry determined that Plaintiff had significant improvement in her back and neck pain, with fine motor movements in her hands back to normal, ability to walk without difficulty, and the resolution of numbness in her extremities.

The next step was to determine whether Plaintiff's medical improvement was related to the ability to work – that is, if there was an increase in Plaintiff's capacity to perform basic work activities. 20 C.F.R. §§ 404.1594(b)(3) and 416.954(b)(1)(iii). The ALJ noted Plaintiff's release from wearing her neck collar in July 2006, three months postoperative, when she was doing very well, but gave her the benefit of another three months, until her final visit with Dr. Burry in October 2006. Dr. Burry suggested nerve root injections, but did not place any limitations or restrictions on Plaintiff's activities. The record does not show Plaintiff receiving treatment again until she received an epidural injection in March 2007, and again in June 2007. A note dated July 24, 2007, written on a prescription pad from Dixon Family Practice and Internal Medicine

---

[1]Upon review of the record and the law, the defendant's position is found to be persuasive. Much of the defendant's brief is adopted without quotation designated.

stated to please excuse Plaintiff from work from July 24 - July 27, 2007. Prior to July 2005, in June 2004, Plaintiff's physician at Richland Family Practice stated that once medication for her hip and back pain started, there was hope that she would be able to go ahead and get started "getting on the job." There was no evidence to demonstrate that any exception to medical improvement applies. 20 C.F.R. §§ 404.1594(f)(5) and 416.954(b)(5)(iv). The ALJ then looked at whether all of Plaintiff's current impairments were severe in combination with each other, and found that they were not severe. *See* 20 C.F.R. §§ 404.1594(f)(6) and 416.954(b)(5)(v).

The ALJ went on to make an RFC determination, and determined that Plaintiff had the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently, to stand or walk with normal breaks for longer than 6 hours total in an 8 hour workday, and to sit for longer than 6 hours in an 8 hour workday. Plaintiff was able to occasionally climb ramps and stairs, but never ladders ,ropes or scaffolding. Plaintiff could stoop, kneel, crouch, or crawl only occasionally, and due to possible pain episodes, should not engage in work where balancing her body was critical to the performance of her duties. After October 31, 2006, Plaintiff should avoid even moderate exposure to vibration of the body because of fear it might loosen the metal plate in her neck. Plaintiff should avoid concentrated exposure to extreme cold temperatures for fear of aggravating her musculoskeletal pain, and should not engage in work with her arms overhead due to aggravation of neck pain. Plaintiff had no work-related mental limitations. Plaintiff did not have an impairment or combination of impairments that either met or equaled the requirements for an impairment as set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments. The ALJ relied on the testimony of the vocational expert and determined that Plaintiff would be able to return to her past relevant work as a cashier and data

entry clerk, as this work did not require the performance of work-related activities precluded by Plaintiff's RFC, and was, therefore, prior to July 21, 2005, and after October 31, 2006, not disabled within the meaning of the Social Security Act.

The ALJ evaluated Plaintiff's subjective complaints and found that the were not fully credible. The ALJ evaluated subjective complaints in a manner which was consistent with SSA regulations and case law. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984); 20 C.F.R. §§ 404.1529 and 416.929. The primary question is not whether Plaintiff experiences the symptoms alleged, but whether those symptoms are credible to the extent that they prevent her from performing substantial gainful activity. *See McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996). The ALJ may discount subjective complaints if inconsistencies are apparent in the evidence as a whole. *See Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004).

The ALJ did not find Plaintiff's allegations of disabling symptoms credible in light of the inconsistencies between her complaints of disability and her testimony regarding her activities of daily living, which included cooking meals, doing laundry, scrubbing the floor, and cleaning the bath tub, even though she had to perform some of the tasks slowly. In March 2004, Plaintiff reported that she was unemployed, but was now a homemaker. Plaintiff presented to Lake Regional Health System in April 2004 for rib pain after digging flowers. The record also included evidence that Plaintiff was not seeking work because she did not want to leave her kids and she had too many legal and doctor appointments. Plaintiff reported that she lived with her boyfriend and son, and that she was responsible for the laundry and housecleaning. She stated that she shared the cooking and shopping duties with her boyfriend. Her daily activities included household chores, reading, watching television, bathing, and running errands. At her hearing,

Plaintiff testified that she did not know if she could do an indoor job for 8 hours a day, 5 days a week, where she did not have to work with people. She said it would depend on the job. Plaintiff stated that she was just working at home being a mother at the present time, and that was pretty much a full-time job. Activities of daily living which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility. The fact that Plaintiff was able to perform so many of the activities of a normal life contributes to the finding that her impairments were not disabling after October 31, 2006. *See Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001).

The ALJ looked at the inconsistencies between Plaintiff's complaints of disabling pain and the medical evidence of record, and noted that no treating physician has ever found or imposed any long-term, significant and adverse mental or physical limitations on Plaintiff's functional capacity. It is significant that no physician who examined Plaintiff has found limitations consistent with disability. *See Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000) (citing *Brown v. Chater*, 87 F.3d 963, 964-65 (8th Cir. 1996)) (lack of significant restrictions imposed by treating physicians supported the ALJ's decision of no disability). The ALJ articulated the inconsistencies on which he relied in discrediting Plaintiff's subjective complaints. and substantial evidence supports his credibility finding.

Plaintiff further contends that the ALJ failed to consider her mental impairments in making her RFC determination and erred by not consulting a medical expert. However, it is well established that "[i]t is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). The ALJ is required to

6

determine the claimant's RFC based on all of the relevant evidence; including medical records, but the ALJ is not required to produce evidence and affirmatively prove that Plaintiff can lift a certain weight or walk a certain distance. *See id.* at 1217-18.

The ALJ considered Plaintiff's alleged mental impairment in making his RFC determination, and found that no doctor or any other medically acceptable source described Plaintiff as having any significant and continuing mental work related limitations. The record included a psychological consultative examination by Dr. Rosenbloom, and the ALJ was not required to obtain the testimony of a medical expert. The medical record from Dr. McCarty was not before the ALJ at the time he made the RFC determination, and the AC considered it in the request for review. The ALJ is not required to obtain additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision. *See Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995) (medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled); *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994); 20 C.F.R. §§ 404.1519a(b) and 416.919a(b).

The ALJ properly considered all of the medical and other relevant evidence of record in making his RFC determination, including Plaintiff's descriptions of limitations; observations by treating and examining physicians and psychologists, family, neighbors, or friends; and medical records including any observations therein. 20 C.F.R. §§ 404.1545 and 416.945. As set forth above, the ALJ discredited Plaintiff's allegedly disabling physical impairments in determining that Plaintiff was not disabled before July 21, 2005, or after October 31, 2006, and although Plaintiff cites various self-imposed limitations as evidence that she is more limited than her RFC,

7

there was no support in the record for such an assessment. As the ALJ pointed out, no treating or examining physician imposed any physical or mental limitations on Plaintiff that would prevent her from performing her past relevant work. The ALJ is only required to rely on those impairments which he finds are credible and supported by the record, and is not obligated to rely on limitations not supported by the medical evidence of record. *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); *Lorenzen v. Chater*, 71 F.3d 316, 318 (8th Cir. 1995); *Montgomery v. Chater*, 69 F.3d 273, 275 (8th Cir. 1995). The ALJ in this case only relied on those impairments which he found were substantially supported by the record as a whole in making his RFC determination.

Additionally, Plaintiff argues that the ALJ failed in his heightened duty to Plaintiff as an unrepresented claimant to fully and fairly develop the record, specifically, to allow Plaintiff a supplemental hearing. Plaintiff argues that she requested a supplemental hearing well within the time frame allowed by the ALJ, first, on July 1, 2007; then on August 8, 2007; and finally, on December 21, 2007; but that the ALJ ignored the requests, and no response was received. The record demonstrates that on May 18, 2007, the ALJ informed Plaintiff that if she wanted, she could request a supplemental hearing, but that he needed to receive a response within ten days of her receiving the notice. Plaintiff's request was not timely received. The request was received on June 7, 2007, after the 10 day deadline. Although an ALJ has the duty to develop the record fully and fairly, an ALJ is not required to function as substitute counsel and only needs to develop a reasonable complete record. *See Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994); *Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993). The ALJ met that duty in this case.

In response to the hypothetical question posed by the ALJ, the vocational expert testified that Plaintiff would be able to return to her past relevant work as a cashier and data entry clerk, as this work did not require the performance of work-related activities precluded by Plaintiff's RFC, and was, therefore, not disabled within the meaning of the Social Security Act. The ALJ was justified in relying on the vocational expert's testimony in finding Plaintiff not disabled. *See Nelson v. Sullivan,* 946 F.2d 1314, 1317 (8th Cir. 1991); *Trenary v. Bowen*, 898 F.2d 1361, 1365 (8th Cir. 1990). Substantial evidence supports the Commissioner's decision. *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); *Miller v. Shalala*, 8 F.3d 611, 613-14 (8th Cir. 1993).

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: December 22, 2009